

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Chas. W. Castner, Chief
Eleemosynary Division
State Board of Control
Austin, Texas

Dear Sir:

Opinion No. 0-3390
Re: Does the court committing a delinquent boy to the Gatesville State School for Boys or a girl to the Gainesville State School for Girls, continue to have jurisdiction over such child after the said child has been transferred to the Austin State School as is provided in the last part of Art. 2338, R. C. S., and does such court have the power to issue an order entirely discharging the child from custody of the superintendent of the Austin State School for the feeble minded just as the court would have power to do had the child remained in the said training school before having been transferred in accordance with Opinion 0-2746?

Your request for an opinion of this department on the above stated question has been received and carefully considered.

In Opinion No. 0-2746, this department held that the Board of Control has summary authority to effect a transfer of inmates from the juvenile training schools to other proper eleemosynary institutions when such inmates are found to be feeble minded, epileptic or insane. The conclusion was predicated upon the provision of Section 4 of Article 5143a, Vernon's Annotated Civil Statutes, contained in the following sentence of the statute:

Honorable Chas. W. Castner, Page 2

"* * *. No person shall be committed
to either school who is feeble minded, epileptic
or insane, but if so committed the State Board
of Control shall have the authority to immediate-
ly transfer to the proper eleemosynary institu-
tion. * * *."

The provision was held constitutional upon the theory
that, a child having once been judicially declared a "delinquent
child" by due process of law, it becomes a ward of the State and
the State assumes the position of parens patriae. In such a
capacity as is pointed out in our Opinion No. 0-2746, the State
may place a minor committed to a State juvenile training school
in the proper eleemosynary institution in his own interest, in
order that such minor may receive better treatment and care.

Nevertheless, the child under such circumstances is
the ward of the State, and the State occupies the position of
parens patriae solely because of the adjudication of the trial
court that such child is a "delinquent child," and found to be
such under the provisions of Title 16 of the Code of Criminal
Procedure, Articles 1083 to 1093, inclusive, and Title 43 Ar-
ticles 2329 to 2338, inclusive, Revised Civil Statutes of Texas.
And the latter part of Article 2338 confers a continuous juris-
diction over the person of the juvenile thus committed upon the
trial court, regardless of where such child may be, if there by
virtue of such commitment. The applicable language of such Ar-
ticle reads as follows:

"* * *. The order of the court committing
such child to the care and custody of any person
shall prescribd the length of time and the con-
ditions of such commitment. Such order shall
be subject to change by further orders of the
court with reference to said child; and the court
shall have the power to change the custody of
such child or to entirely discharge it from cus-
tody whenever, in the judgment of the court, it
is to the best interest of the child to do so."
(Emphasis ours).

Under the circumstances, it is our opinion that the
above quoted language would control, despite the provisions of
Article 3236, Revised Civil Statutes of Texas. Such article is
here quoted:

Honorable Chas. W. Castner, Page 3

"All persons committed or admitted to said institution (Austin State School) shall remain in its custody as permanent wards of this State until released by the management thereof. The superintendent and Board may in their discretion and subject to revocation at any time, parole any such person in the custody of parent or guardian for an indefinite period. Notice of all paroles of longer duration than thirty days shall be sent by the superintendent on the date of the parole to the committing court."
(Parenthetical insertion ours.)

It is apparent that this statute would apply to all patients committed to the Austin State School as such, in accordance with the procedure outlined in Title 59, Articles 3867-3871, Revised Civil Statutes. We do not agree that it applies to a delinquent child transferred to the Austin State School by the Board of Control from either the Gatesville State School for Boys or the Gainesville State School for Girls.

We therefore respectfully advise that in our opinion your question should be answered in the affirmative.

Yours very truly

APPROVED APR 28, 1941

ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT
ATTORNEY GENERAL

By

Benjamin Woodall
Assistant

BW:RS

